IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Amanda Shinault
    Plaintiff,

vs.                                                 Case No.  2:20-cv-00251

Comenity Bank
    Defendant.

### COMPLAINT AND DEMAND FOR JURY TRIAL

*Introduction*

Congress enacted the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 to protect consumers from debt collectors and telemarketers in 1991. In doing so, Congress recognized that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." 47 U.S.C. §227, Congressional Statement of Findings #13. Specifically, in enacting the TCPA, Congress outlawed unsolicited automated or pre-recorded telephone calls finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. § 227, Congressional Statement of Findings #10 and 12. Additionally, the West Virginia legislature found that additional protections were needed and passed the West Virginia Consumer Credit and Protection Act which is a hybrid of the Uniform Credit Code and the National Consumer Act to further protect West Virginians from consumer abuses. This consumer action concerns the disregard for the protections provided by the TCPA, the West

1

Virginia Consumer Credit and Protection Act by Defendant in its attempt to collect a debt from Plaintiff.

## The Parties

1. The Plaintiff, Amanda Shinault, is a resident of Kanawha County, West Virginia, and resides in the Southern District of West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Comenity Bank, hereinafter "Comenity" or "Defendant," is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by West Virginia Code § 46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code § 46A-2-122(c) within the State of West Virginia, including Putnam County, West Virginia.

## Jurisdiction

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1367.

## Factual Allegations

6. Plaintiff has a telephone number that is assigned to a cellular telephone service.

7. After the Plaintiff became in arrears upon the alleged indebtedness, the account was placed in collections with the Defendant. Thereafter, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

8. Upon information and belief, Defendant began calling Plaintiff multiple times using "automatic telephone dialing systems" (ATDS) to her cellular telephones and was not regarding an emergency or about a debt owed to the United States, in violation of 47 U.S.C § 227(A).

9. Further, Plaintiff believes that the Defendant used an ATDS.

10. Plaintiff retained the undersigned counsel to represent Plaintiff's interests in connection with consumer indebtedness on which Plaintiff had become in arrears.

11. All calls placed by the Defendant were to the Plaintiff's cellular and landline telephones.

12. Plaintiff asked the Defendant on September 20, 2018, to stop calling her and thereby revoked any consent to call that the Defendant had, through the reasonable means of requesting Defendant stop calling.

13. Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiff.

14. The Defendant maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee, and notes or codes placed upon such record by the Defendant's employee.

15. Such records will reflect that the Defendant placed telephone calls to the Plaintiff's cellular telephone number after Plaintiff revoked authorization to be called.

16. Defendant's multiple calls caused the telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.

17. At no time did Plaintiff provide prior express permission for anyone to call his cellular number using an ATDS.

18. Plaintiff lost time in dealing with these calls and lost the ability to make calls during the time that the line was tied up by Defendant.

COUNT I

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §227(b)(3)(B)**

19. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

20. On information and belief, Defendant used an automatic telephone dialing system (ATDS) as defined by 47 USC § 227 (a)(1) when it made each and every call to Plaintiff's number assigned to a cellular telephone in the last four years.

21. Upon information and belief, the Defendant uses pre-recorded messages in its calls to consumers such as the Plaintiff.

22. On information and belief, the Plaintiff had revoked any authorization the Defendant had to call him by a reasonable means of instructing the Defendant to stop calling him.

23. Defendant made the calls to Plaintiff willfully.

24. Defendant made the calls to Plaintiff knowingly.

25. Defendant's acts in making the calls to Plaintiff were not accidental.

26. Plaintiff's privacy has been invaded as a result of Defendant's acts.

27. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II
### *Violations of the West Virginia Consumer Credit and Protection Act*

28. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

29. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

    a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* § 46A-2-125;

    b. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff after the Plaintiff requested in writing that the Defendant stop calling them in violation of *West Virginia Code* § 46A-2-125;

30. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III
### *Violation of the West Virginia Computer Crimes and Abuse Act*

31. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

32. Plaintiff is a "person" as defined by *West Virginia Code* § 61-3C-3(n), as Plaintiff is a "natural person."

33. The Defendant, Comenity Bank, is a "person" as defined by West Virginia Code § 61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

34. The Defendant, with the intent to harass, used an "electronic communication device" as

5

defined by West Virginia Code § 61-3C-14a to make contact with the Plaintiff after being requested by Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* § 61-3C-14a(a)(2).

35. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

36. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* § 61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* § 61-3C-16(a)(2).

37. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV
### Violation of Telephone Harassment Statute

38. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

39. The Defendant made or caused to be made telephone calls to the Plaintiff, causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff in violation of *West Virginia Code* § 61-8-16(a)(3).

40. The Plaintiff was injured by Defendant's violation of *West Virginia Code* § 61-8-16(a)(3). As Plaintiff was injured by Defendant's violation of *West Virginia Code* § 61-8-16(a)(3), the Plaintiff has a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

41. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## Count V
### Common Law Negligence

42. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

43. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count II.

44. Defendant failed to properly train its employees and staff to avoid violations of state and federal debt collection laws.

45. The Defendant does not have appropriate policies and procedures in place for compliance with state and federal debt collection laws.

46. The Plaintiff's damages are a proximate cause of the Defendants conduct as outlined in this complaint.

47. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### Count VI
### *Intentional Infliction of Emotional Distress*

48. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

49. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

50. Defendant placed telephone calls to Plaintiff after Defendant knew that Plaintiff had revoked authorization to call, in gross violation of the WVCCPA;

51. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law, and are designed to, or has the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

52. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* § 46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

53. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct

7

is criminal conduct pursuant to *West Virginia Code* § 61-8-16(a)(3) punishable by fine and/or imprisonment;

54. Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiff undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(a)(4) punishable by fine and/or imprisonment;

55. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(b) punishable by fine and/or imprisonment.

56. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

57. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## Count VII
### *Common Law Invasion of Privacy*

58. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

59. The Plaintiff had, and has, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

60. The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

61. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

62. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

**DEMAND FOR RELIEF**

Plaintiff demands from the Defendant:

  a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code*

§ 46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this Complaint;

b. An award of the statutory damages in the amount of $500.00 for each violation of the TCPA and $1,500 for each willful violation;

c. Statutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106 for all such violations that occurred up to the date and time of the filing of this Complaint;

d. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* § 46A-5-104;

e. The Plaintiff be awarded general damages for the Defendant's negligence as alleged;

f. The Plaintiff be granted general damages and punitive damages for Defendant's conduct alleged; and

g. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

                AMANDA SHINAULT
                BY COUNSEL

BY: /s/ Benjamin M. Sheridan
   Benjamin M. Sheridan (#11296)
   Klein & Sheridan, LC
   3566 Teays Valley Road
   Hurricane, WV 25526
   (304) 562-7111
   Fax: (304) 562-7115

   *Counsel for Plaintiff*